45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Thomas A. CARTER and Marilyn J. Carter, Debtors.
RCB BANK, formerly Rogers County Bank, Appellant,
v.
Thomas A. CARTER and Marilyn J. Carter, Appellees.
 No. 94-5059.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant RCB Bank appeals from the district court's affirmance of the bankruptcy court's decision to rescind a mortgage on appellees Thomas A. and Marilyn J. Carters' homestead. Based on the facts found by the bankruptcy court, the district court determined that the Carters' consent for the mortgage was obtained by economic duress.
 
 
 4
 On appeal, RCB Bank argues that the facts do not show that the mortgage was obtained by economic duress because (1) it did not initiate an unlawful or wrongful act but rather engaged in typical commercial banking activities; (2) the Carters' consent to the mortgage was secured due to their economic necessity for a loan; and (3) the Carters had an adequate legal remedy or reasonable alternative available in lieu of consenting to the mortgage. RCB Bank also argues that recision was an inappropriate remedy because the Carters executed renewals and extensions of the loan and mortgage. Upon consideration of the briefs on appeal and RCB Bank's appendix, we conclude the facts support the district court's holding that the mortgage was obtained by economic duress. Accordingly, we affirm for substantially the reasons stated by the district court in its corrected order of February 8, 1994.
 
 
 5
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470